IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SCOTT E. MOORMAN, ) | |
| TDCJ #443109, ) | |
|     Plaintiff, ) | |
| ) | Civil No. 7:06-CV-176-O |
| v. ) | |
| ) | |
| SGT. MICHAEL HILL, *et al.*, ) | |
|     Defendants. ) | |

MEMORANDUM OPINION AND ORDER

This is a civil rights action brought pursuant to the provisions of Title 42, United States Code, Section 1983. Plaintiff is an inmate who, at the time of the events underlying his complaint, was confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. The Defendants are employees of the Texas Department of Criminal Justice.

The Plaintiff, Scott E. Moorman, claims that he was subjected to excessive force at the hands of Defendants Eastep and Bogart when, for no apparent reason, they slammed his head to the floor rendering him unconscious and injured. *See Complaint ¶¶ IV & V.* He alleges that, after the use of force, he was denied him medical care for injuries resulting from the force. *Id.* Moorman further alleges that certain Defendants failed to protect him from other inmates and engaged in a conspiracy to move him to an area of the Allred Unit where his life would be in danger in retaliation for filing complaints against prison guards. *Id.* In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was issued to him by the Court. Plaintiff filed his answers and, for purposes of the Court's review at this stage of litigation, the facts stated by plaintiff are assumed to be true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

In his Complaint, plaintiff alleges that Blood gang members were making lewd comments about Officer Garza, a female Officer for whom Plaintiff worked. *Complaint, Plaintiff's Exhibit A. p. 1.* Plaintiff warned Garza when the gang members began to surround her. *Id.* Garza, with the assistance of other officers, was able to gain control of the situation. *Id.* Garza later resigned, although Plaintiff states that some guards believed she was fired because she was having an inappropriate relationship with Plaintiff. *Id. at p. 2.* Plaintiff states that he filed at least one formal complaint about the threat of danger from officers who were angry that Garza was fired. *Id.* Thereafter, disciplinary action was brought against him for having an inappropriate relationship with a staff member and he was told that he would be moving to 7 Building.[1] *Id. at p. 3.* Plaintiff states that 7 Building was where the gang members resided that had threatened Garza and that his life was intentionally being put in danger by Defendants for purposes of retaliation. *Id.* Plaintiff states that he protested the move and was eventually handcuffed, then slammed to the floor on his head by Lt. Eastep and Officer Bogart. *Id.* Plaintiff awoke in a hospital where he was undergoing a CAT Scan. *Id. at p. 4.* He returned to the Allred Unit the following morning where he claims to have been denied medical care by Defendants Pevee, Jane Doe #1 and Jane Doe #2. *Complaint pp. 3(e) & 3(f).*

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S.

---

[1] Plaintiff states that he is not challenging any prison disciplinary action in the instant lawsuit. *Plaintiff's Answer to the Court's Question No. 45.*

825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

In support of his medical care claim against Defendant Pevee, Plaintiff states that, two days after returning from the hospital, he told Pevee he was having difficulty staying conscious, that he had been vomiting and was sick to his stomach. *Plaintiff's Answer to the Court's Question No. 4*. Pevee told Plaintiff that he would get him medical attention. *Id.* However, none was provided. *Id.* With regard to Defendants Jane Doe #1 and Jane Doe #2, Plaintiff claims that they were nurses at the Allred Unit who were present after Plaintiff was injured and when he was unconscious. *Plaintiff's Answers to the Court's Questions No. 33 & 34*. Plaintiff states that the nurses saw him being held upright in a chair and watched one officer shake him while another waived ammonia under his nose. *Id.* The nurses were also present as the ambulance took him away to the hospital. *Id.* Plaintiff claims that, after his return to the Allred Unit, the nurses were informed as to his

medical condition, however, he claims that he never received any additional medical treatment at the Allred Unit.

Plaintiff cannot prevail on his medical care claims. Although given the opportunity, Plaintiff has failed to articulate facts which could demonstrate that Pevee, Jane Doe #1 or Jane Doe #2 were subjectively aware of a substantial risk to Plaintiff's health or safety and disregarded that risk. *Plaintiff's Answers to the Court's Questions No. 24, 33 & 34.* Therefore, Plaintiff has failed to demonstrate deliberate indifference on the part of these Defendants. To the extent that Plaintiff claims that the Defendants' conduct caused a delay in obtaining medical care, he cannot recover. Plaintiff makes no claim that he suffered substantial harm as a result of any delay in obtaining medical care. *Complaint, Plaintiff's Exhibit A; Plaintiff's Answers to the Court's Questions No. 24, 33 & 34.* Therefore, he cannot prevail on this claim. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (holding that a delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm).

Plaintiff next claims that Defendants Norwood, Eastep, Everson, Deluna, Matthews, Bogart, Williams & Boyle engaged in a conspiracy to retaliate against him for filing complaints against prison guards. *See Complaint.* Plaintiff alleges that Defendants attempted to move him to a dangerous area of the prison, denied him due process in a disciplinary proceeding and assaulted him, all in retaliation for lodging complaints against prison officials. *Id.* Plaintiff further alleges that Defendant Pechacek ransacked his personal property for purposes of retaliation because Officer Garza had complained to other prison officials that Pechacek had groped Plaintiff in a sexual manner. *Plaintiff's Answer to the Court's Question No. 13.*

State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Trial courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those claims "must [] be regarded with skepticism." *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more that "personal belief" to establish retaliation).

Although he was given ample opportunity to state the facts underlying his complaint, Moorman has failed to allege any scenario which could show that, but for a retaliatory motive, the his move to 7 Building and the use of force by guards would not have occurred. *See Plaintiff's Answers to the Court's Questions No. 6, 7, 10, 11, 12, 18, 20, 22, 30 & 32.* Moorman's allegations of retaliation are conclusory in nature and, as such, fail to state a claim under the Civil Rights Act.

Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). Plaintiff's subjective belief that Defendants had retaliatory motives is insufficient to maintain this action. Moorman has failed to state facts which could demonstrate that, but for a retaliatory motive, the actions of Defendants Norwood, Eastep, Everson, Deluna, Matthews, Bogart, Williams & Boyle would not have taken place.

Plaintiff's claim of retaliation against Defendant Pechacek also must fail. Plaintiff states that Pechacek ransacked his personal property for purposes of retaliation because Officer Garza had complained to other prison officials about Pechacek. Plaintiff does not claim that he had exercised any constitutional right for which Pechacek retaliated. Plaintiff states that Pechacek acted as a result of a complaint by another guard. Therefore, Plaintiff cannot show retaliation against him on the part of Pechacek.

Next, Plaintiff claims that Defendants Hill, McGrath, Ragsdale, James, Norwood, Webb, Everson, Barnett, McNamara, Deluna, Matthews, Bogart, Pevee, Villalobos, Wright, Mayo, Williams, Keith Grantom and Mike Grantom failed to protect him from attack by other inmates. Plaintiff alleges that, on several occasions, threats were made against him by other inmates. *Complaint, Plaintiff's Exhibit A at pp. 1-2.* He also claims that, when force was used against him

by Defendants Eastep and Bogart, he was in the process of being moved to 7 Building where his life would have been in danger at the hands of other inmates. *Id. at p. 3.*

To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which, if taken as true, would indicate that the Defendants were aware of facts from which a substantial risk of serious harm existed or that they actually drew that inference. *See Plaintiff's Answers to the Court's Questions No. 1-5, 8, 12, 15-17, 19, 21, 23, 25-29 & 31.* The fact that gangs exist in prisons is unfortunate, as is the fact that assaults sometimes occur in maximum security facilities such as the Allred Unit. However, Moorman's subjective belief that he was in danger is insufficient to create liability on the part of Defendants under the Civil Rights Act. Plaintiff's personal fears, without

more, are insufficient to demonstrate a substantial risk of serious harm. Plaintiff's allegations regarding the risk of physical harm are conclusory in nature and, as such, fail to state a claim under the Civil Rights Act. *See Fernandez-Montes, supra; Van Cleave, supra.*

In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984). There must be an affirmative link between the deprivation and some act by the defendant. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976). To the extent that Plaintiff is asserting a claim based upon negligence, relief is unavailable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

To the extent that Plaintiff seeks relief on claims of harassment and threats, he cannot prevail. Threats, harassment and verbal abuse are not actionable under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action.); *United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987) (holding that technical batteries, angry words or passing thumps do not rise to the level of constitutional abuses)

Plaintiff next claims that Defendants Eastep and Bogart used excessive force against him causing serious injuries. "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Plaintiff has stated a colorable claim of excessive force against Defendants Eastep and Bogart. Process will be issued as to those two Defendants by separate order.

The Court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar against all Defendants except Eastep and Bogart have no arguable basis in law.

For the foregoing reasons it is ORDERED that Plaintiff's claims involving failure-to-protect, denial of medical care, conspiracy to retaliate and retaliation are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

It is further ORDERED that all Defendants except Jonathan Eastep and Sean Bogart are hereby DISMISSED as Defendants in this action.

A copy of this order shall be transmitted to the plaintiff.

SO ORDERED this 8th day of April, 2010.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**